**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-10236

Non-Argument Calendar

————————————————

DEUTSCHE BANK NATIONAL TRUST COMPANY,

as Trustee for home equity mortgage loan asset-backed,
trust series inabs 2006-A, home equity mortgage loan,
asset-backed certificates series inabs 2006-A,

*Plaintiff-Appellee,*

*versus*

STEVEN CLAYTON THOMASON,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:25-cv-00070-ECM-KFP

————————————————

Before ABUDU, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Deutsche Bank National Trust Company has initiated a lawsuit in Alabama state court to eject Steven Thomason from a foreclosed property. Thomason, who is proceeding pro se, has made multiple unsuccessful attempts to remove this action to federal court. In this case, the district court remanded Thomason's most recent removal attempt because it violated a filing injunction against him, a determination Thomason now appeals. After careful review, we find no abuse of discretion in the district court's remand order and affirm.

## I. BACKGROUND

For over a decade, Thomason has been pursuing litigation over a piece of property in Montgomery, Alabama. In September 2022, when resolving Thomason's fifth action against Deutsche Bank, a district judge in the United States District Court for the Middle District of Alabama found Thomason to be "an abusive and vexatious litigant." "[T]o prevent him from continuing to impair th[e] [c]ourt's function and harass Deutsche Bank and others, the [c]ourt enjoin[ed] Thomason from filing, in th[e] [c]ourt, future suits against Deutsche Bank or other individuals and/or entities with whom Thomason claims to be aggrieved pertaining to the subject property, its mortgage, and/or its foreclosure." The court further "caution[ed] Thomason that any future cases pertaining to the subject property that [were] removed to th[e] [c]ourt could be summarily dismissed." Nonetheless, Thomason persisted in his mission to contest the foreclosure of the Montgomery property.

In June 2023, Deutsche Bank filed a case in Alabama state court seeking declaratory judgment and an order ejecting Thomason from the foreclosed property. During this state court case, one of Thomason's daughters sought to intervene as a party and stay proceedings. After these requests were denied, Thomason removed the case to the United States District Court for the Middle District of Alabama. However, the notice of removal was deemed untimely, and the case was remanded.

In August 2024, Thomason made his second attempt to remove this state case to the district court, filing a "counter claim complaint" against Deutsche Bank and the Federal Deposit Insurance Corporation ("FDIC"), and arguing in relevant part that removal was proper under the Financial Institution Reform, Recovery, and Enforcement Act ("FIRREA"). The district court again remanded the action, finding that Thomason's attempted removal violated the court's September 2022 filing injunction, and, alternatively, that Thomason failed to show that removal was proper or timely. Our Court affirmed on the basis that removal was improper under FIRREA and untimely. *See Deutsche Bank Nat'l Tr. Co. v. Thomason*, No. 24-13965, slip op. at 8–11 (11th Cir. Aug. 29, 2025).

While that appeal was pending with our Court, Thomason filed another notice of removal, asserting several statutory and procedural bases for removal of the ejectment action. This notice of removal also incorporated a "counter claim complaint" in which

Thomason raised several challenges to the validity of the foreclosure. This third removal attempt provides the basis for the instant appeal.

The following day, the district court sua sponte remanded the case to state court, finding that Thomason's attempted removal violated the September 2022 filing injunction and was done in bad faith. The court further noted that Thomason lacked an objectively reasonable basis for seeking removal and was rather attempting to avoid or delay a state court hearing scheduled for January 2025. Thomason simultaneously filed a notice of appeal, which designated the remand order, and a motion for reconsideration, which the district court denied. Thomason thereafter filed several additional motions in the district court, all of which were denied.[1]

## II. STANDARD OF REVIEW

We review the imposition of a filing injunction for an abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). Likewise, "[w]e review for abuse of discretion a district court's dismissal for failure to comply with the rules of court." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). "Discretion means the district court has a range of choice, and that

---

[1] To the extent Thomason appeals the denial of these post-judgment motions on appeal, we lack jurisdiction to consider those issues. *See* Fed R. App. P. 3(c)(1)(B); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). In any event, Thomason's failure to clearly challenge the district court's resolution of these motions in his initial brief results in abandonment of these arguments. *See Timson*, 518 F.3d at 874; *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014).

its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* (citation modified).

## III. DISCUSSION

While the district court in this case did not specify the authority upon which it relied to remand Thomason's case, we have recognized that courts may sua sponte dismiss an action under either Federal Rule of Civil Procedure 41(b) or its inherent authority to manage its docket. *Id.* Further, "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc). While access to the courts is a matter of considerable constitutional significance, "the right of access to the courts is neither absolute nor unconditional." *Miller*, 541 F.3d at 1096 (citation modified). "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons," particularly to mitigate frivolous and vexatious lawsuits, which "threaten the availability of a well-functioning judiciary to all litigants." *Id.*

Thomason's third attempt to remove Deutsche Bank's ejectment action, along with his simultaneous attempt to file a counterclaim, clearly violated the September 2022 filing injunction. This injunction specifically barred Thomason from "filing . . . future suits against Deutsche Bank" and others "pertaining to the subject property," and warned him that future attempts to pursue similar actions, including original federal proceedings and removed state

court actions, "could be summarily dismissed." Thomason, however, did exactly that in this case, and he does not attempt to excuse his failure to comply with the explicit terms of the filing injunction. *See PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205, 1213–14 (11th Cir. 2019) (explaining that, when a district court dismisses an action for failure to comply with a court order, we will excuse the noncompliance only if the party shows it made every reasonable effort to comply).

Thomason also does not attempt to challenge the filing injunction on the basis that it unduly restricts his right to access the courts. *Timson*, 518 F.3d at 874; *see Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1298 (11th Cir. 2002) (explaining that "an injunction designed to protect against abusive and vexatious litigation cannot completely foreclose a litigant from any access to the courts." (citation modified)). Rather, Thomason contends that the remand order violates FIRREA's anti-injunction provision. We are unpersuaded by this argument.

FIRREA's anti-injunction provision generally prohibits courts from "tak[ing] any action . . . to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver." 12 U.S.C. § 1821(j); *see Bank of Am. Nat. Ass'n v. Colonial Bank*, 604 F.3d 1239, 1243 (11th Cir. 2010). While the FDIC was involved in one of Thomason's previous cases, "there is no indication that the FDIC was ever, in any capacity, a party to Deutsche Bank's ejectment action against Thomason." *Thomason*, No. 24-13965, slip

op. at 8 (citation modified). In any event, the district court's remand order and filing injunction did nothing to "restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver." 12 U.S.C. § 1821(j).

As such, we cannot say that the district court abused its discretion in remanding the ejectment action to state court based upon Thomason's failure to comply with the September 2022 filing injunction. *Betty K*, 432 F.3d at 1337. Because this provides an independent basis for our Court to affirm the remand order, we need not consider whether the district court otherwise had removal jurisdiction over the ejectment action, nor must we address Thomason's challenges to the validity of Deutsche Bank's foreclosure.

## IV. CONCLUSION

We **AFFIRM** the district court's order remanding Deutsche Bank's ejectment action to state court. [2]

---

[2] Deutsche Bank requests an award of the fees and costs incurred from responding to Thomason's appeal. Because Deutsche Bank made this request in its response brief rather than a "separately filed motion," we decline to consider whether sanctions are appropriate. Fed. R. App. P. 38; *see* 11th Cir. R. 38-1; 11th Cir. R. 38, IOP.

Thomason has also filed several motions with this Court. His motion to recuse Judge Brasher from this appeal is DENIED AS MOOT. His motions requesting sanctions, correction of the case caption, and leave to file a supplemental brief are DENIED.